# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2018

Lyle W. Cayce
Clerk

No. 17-40532
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN THOMAS, also known as O'Brian A. Thomas, also known as Thomas A. O'Brian,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-153-2

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Brian Thomas appeals his conviction for conspiring to transport persons illegally in the United States. He contends that the trial was rendered unfair when the prosecutor said in rebuttal argument that defense counsel's "claim that the government excluded favorable testimony or cherry-picked its testimony . . . is not evidence in this case, and your duty is to deliberate only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the evidence presented." Thomas objected "to the government arguing that the jury can't consider the fact that there may have been other evidence." The district court sustained the objection, there were no further objections, and the prosecutor immediately moved on to other things.

Typically, we decide first whether a prosecutor made a remark that was improper in the context in which it was made. *United States v. Insaulgarat*, 378 F.3d 456, 461 (5th Cir. 2004). We then ask whether the remark prejudiced the defendant by casting serious doubt on the correctness of the verdict. *Id.* The prejudice determination involves considering the initial magnitude of the statement's prejudice, the effect of any cautionary instructions, and the overall strength of the evidence of guilt. *See id.* However, here we review for plain error because Thomas neither asked the district court to instruct the jury to disregard the prosecutor's remark nor asked for any other curative instruction. *See United States v. Anderson*, 755 F.3d 782, 796-97 (5th Cir. 2014). To show plain error, Thomas must show a forfeited error that is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). He must also show that the error affected his substantial rights by affecting the outcome of the proceedings. *Id.* If he makes those showings, we have the discretion to correct the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citations, and brackets omitted).

Because the district court sustained Thomas's objection to the remark, we assume without deciding that there was a clear or obvious error. Nonetheless, we find no prejudice under either the typical standard of review or review for plain error. First, the remark was brief and abbreviated due to Thomas's successful objection, and the prosecutor immediately moved on to other arguments. This weighs against a finding of prejudice. *See United States*

No. 17-40532

*v. Murra*, 879 F.3d 669, 684 (5th Cir. 2018).   Second, although no curative instruction was asked for or given, the court's sustaining of defense counsel's clear and concise objection in the presence of the jury sufficiently advised the jury that it could consider that there may have been other evidence or that there were holes in the Government's case.   The court's general instructions render implausible any contention that the jury believed it could not consider the defense's theory that the evidence was incomplete or insufficient.   Finally, the overall evidence of guilt was more than sufficient to sustain the verdict.

The prosecutor's brief and isolated remark, immediately interrupted by a successful objection, does not cast doubt on the correctness of the verdict.   *See Insaulgarat*, 378 F.3d at 461.   The judgment is AFFIRMED.